FILED

NOT FOR PUBLICATION

MAY 11 2010

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **DEEQA MOHAMOUD ADEN,** | No. 05-76350 |
| Petitioner, | |
| | Agency No. A075-673-350 |
| v. | **MEMORANDUM**[*] |
| **ERIC H. HOLDER, Jr., Attorney General,** | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 2, 2010
Pasadena, California

Before:    **KOZINSKI**, Chief Judge, **W. FLETCHER**, Circuit Judge, and
**GETTLEMAN**, Senior District Judge.[**]

The IJ  based his adverse credibility finding on two grounds:  petitioner's

description of the attack on her family's home in Somalia and her testimony about

her life as a refugee in Kenya.  The IJ must have a "legitimate articulable basis to

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Robert W. Gettleman, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." Shah v. I.N.S., 220 F.3d 1062, 1067 (9th Cir. 2002) (internal citations omitted). We reverse the IJ's adverse credibility determination because we are "compelled to conclude to the contrary." Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003); 8 U.S.C. § 1252(b)(4)(B).

First, petitioner testified consistently, during her interview with the Asylum Officer almost immediately after arrival in this country and then during her hearing before the IJ, about what happened when gunmen attacked her family at their home in Somalia. Both times she testified that they shot and killed her brother when he tried to protect her sister from being raped, and that they hit her father. Her written statement, prepared in English by someone other than petitioner (whose English is limited), states that the gunmen shot and killed her brother, though not in the same manner, and states that they wounded her father by gunfire. Petitioner explained at her hearing before the IJ that the preparer might have mistakenly understood "hit" to mean shot. The discrepancy between petitioner's consistent oral testimony and her written statement do not support an adverse credibility finding.

Second, petitioner's testimony about what happened after arrival in Kenya does not support an adverse credibility finding. Petitioner's testimony about her

life and that of her family in the refugee camp and in Nairobi was consistent and credible.

The government agrees, in light of our intervening decision in <u>Maharaj v. Gonzales</u>, 450 F.3d 961 (9th Cir. 2006) (en banc), that if we reverse the adverse credibility finding we should remand on the question of firm resettlement.

We reverse the adverse credibility finding, grant the petition, and remand for further proceedings.

Petition **GRANTED.**